# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MARTINA R. BUTLER, ) <br> o/b/o A.C.C., ) <br>               Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner ) <br> of Social Security, ) <br> ) <br>               Defendant. ) <br> _____) | Civil Action No. 5:14-cv-01220-JMC <br><br><br> **ORDER** |

This matter is before the court upon motion (ECF No. 27) by Plaintiff's attorney, W. Daniel Mayes ("Counsel"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). On May 12, 2017, Counsel filed a Motion for Attorney's Fees seeking the authorization of payment for Counsel's representation in the captioned matter in the amount of $21,224.75. (ECF No. 27.) The $21,224.75 amounts to 25% of Plaintiff's past due benefits withheld by Defendant. (See Notice of Award, ECF No. 27-3.) Defendant's Response to Plaintiff's Motion for Approval of Attorney's Fees notifies the court that she does not oppose Plaintiff's request for fees in the amount stated herein. (ECF No. 29.)

42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, . . . ." 42 U.S.C. § 406(b)(1)(A). When the contingency fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must

show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

After reviewing Counsel's supporting memorandum (ECF No. 27-1), Plaintiff's Attorney Fee Agreement (ECF No. 27-2), and the Social Security Administration's Notice of Award (ECF No. 27-3), the court concludes counsel's request for attorney's fees satisfies the requirements of Grisbrecht and the reasonableness requirements of § 406(b)(1).

Counsel for Plaintiff has previously received fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,710.00. (ECF No. 27-1.) These funds are to be refunded to Plaintiff in full. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (noting that when both EAJA and 406(b) fees are awarded, a claimant's attorney, not the Commissioner, refunds to the claimant the smaller amount).

Therefore, the court authorizes a payment to Plaintiff's Counsel, W. Daniel Mayes, for attorney's fees under 42 U.S.C. 406(b)(1) in the amount of $21,224.75 being withheld from Plaintiff's past-due benefits. The court also requires Counsel to remit to Plaintiff the fee previously awarded under the EAJA in the amount of $1,710.00 immediately after receipt of the fees collected under 42 U.S.C. § 406(b). Counsel's Motion for Attorney's Fees (ECF No. 27) is **GRANTED**, and the court orders Defendant to certify and release the $21,224.75 remainder of the past-due benefits to Counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 8, 2017
Columbia, South Carolina